UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

JEANETTE MAYER,

            Plaintiff (s),

     v.

COUNTY OF ALAMEDA,
           Defendant(s).

No. **C 08-03117 VRW**

**ORDER SETTING INITIAL CASE
MANAGEMENT CONFERENCE AND
ADR DEADLINES**

IT IS HEREBY ORDERED that this action is assigned to the Honorable Vaughn R. Walker. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order    and all other documents specified in Civil Local Rule 4-2.  Counsel must comply with the case schedule listed below unless the Court otherwise orders.

IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3.  Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov.  A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

IT IS FURTHER ORDERED that plaintiff or removing defendant serve upon all parties the brochure entitled "Consenting To A Magistrate Judge's Jurisdiction In The Northern District Of California," additional copies of which can be downloaded from the following Internet site: http://www.cand.uscourts.gov.

### CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|------|-------|----------------|
| 6/27/2008 | Complaint filed | |
| 9/11/2008 | Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP  26(f) & ADR L.R.3-5 |
| | • file ADR Certification signed by Parties and Counsel (form available at http://www.cand.uscourts.gov) | Civil  L.R. 16-8 (b) & ADR L.R. 3-5(b) |
| | • file either Stipulation to ADR Process or Notice of Need for ADR Phone Conference (form available at http://www.cand.uscourts.gov) | Civil  L.R. 16-8 (c) & ADR L.R. 3-5(b) & (c) |
| 9/25/2008 | Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also | FRCivP 26(a) (1) Civil _L.R . 16-9 |

available at  http://www.cand.uscourts.gov)

| | | |
|---|---|---|
| 10/2/2008 | INITIAL CASE MANAGEMENT CONFERENCE (CMC)  in Ctrm 6, 17th Flr, SF at 3:30 PM | Civil_L.R. 16-10 |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

**VAUGHN R WALKER**
**UNITED STATES DISTRICT CHIEF JUDGE**

**STANDING ORDERS**

_____/

## ALL CASES

**1.0    Conformity to Rules.**  Parties are expected to consult and comply with all provisions of the Federal Rules of Civil Procedure, the Local Rules, and these Standing Orders.

**1.1    Court Calendar: (NEW)**
   Criminal law and motion calendar is conducted on **Thursdays at 1:30 p.m.**
   Criminal pretrial conferences are conducted on **Thursdays at 1:30 p.m.**
   Civil law and motion calendar is conducted on **Thursdays at 2:30 pm.**
   Civil case management and pretrial conferences are conducted on **Thursdays at 3:30p.m.**

**1.2    Removed Cases.**  If the case was removed from a state court, and the applicable state law has not required the parties to make an express demand for a jury trial at the time of removal, any party claiming right to a jury trial must make the request therefor within ten days after service of the notice of removal.  FRCP 81(c).

**1.3    Motions.**  Prior to noticing a motion, parties <u>must</u> check the scheduling information concerning available hearing dates and times.  This information is available by calling (415) 522-2039 or from the court's website at <u>www.cand.uscourts.gov</u>.  Motions shall be noticed in accordance with the court's calendar listed above.  Civil motions practice, including the filing of a motion, opposition and reply, shall be governed by Civil Local Rule 7.  Criminal motions practice shall be governed by Criminal Local Rule 47.  Memoranda filed in support of or opposition to a motion must contain a table of authorities.  If unpublished opinions are cited in a memorandum, the case citation must include both the Westlaw and Lexis citation.  All declarations or other papers containing more than one exhibit must be tabbed and labeled.

**1.4** **Chambers Copy.** Exactly one chambers copy of any document filed with the court, whether by electronic or manual filing, must be mailed or otherwise delivered to the court so as to be received no later than two (2) days after the document is filed. Each such copy shall be clearly marked "CHAMBERS COPY" on the first page. If hand-delivered, chambers copies shall be delivered to the Clerk's Office, not directly to chambers.

**1.5** **Discovery and Discovery Motions.** The court will not entertain motions under FRCP 26-37 without prior leave of court. Following the conference required by FRCP 37(a)(1)(A), a party may seek leave by (1) a telephone conference with the court and all parties arranged through the courtroom deputy; or (2) a letter not exceeding two pages, with copies served on all parties, alerting the court to the dispute and suggesting a means for its prompt resolution. Such a letter need not contain argument on the dispute; the court will contact the parties to resolve the dispute. The court prefers that discovery-related telephone conferences be reported, but will proceed without a court reporter with the parties' consent.

## PRO SE CASES (NON-PRISONER LITIGANTS ONLY)

For cases in which any party is not represented by a lawyer, the court further orders as follows:

**2.0** **Pro Se Handbook/Service of Process.** A litigant bringing or defending a lawsuit without a lawyer ("proceeding pro se") must obtain from the Clerk's Office, as soon as possible after the case is filed, the Handbook For Litigants Without A Lawyer published by the court. Pro se plaintiffs are responsible for obtaining a summons from the clerk and for serving the complaint on all defendants in a timely fashion in accordance with Rule 4 of the Federal Rules of Civil Procedure. Instructions for doing so are set forth in Chapter 5 of the Handbook. Failure to comply with all parts of Rule 4 will result in dismissal of the case.

**2.1** **Service of Standing Orders.** If a defendant is sued by a plaintiff proceeding pro se, defendant must serve copies of these standing orders at once upon plaintiff in accordance with the provisions of Federal Rules of Civil Procedure 4 and 5, and must file with the Clerk's Office a certificate reflecting such service.

**2.2** **Automatic Assignment To A Magistrate Judge.** Each case in which one of the parties is proceeding pro se shall be assigned automatically to a magistrate judge for the purpose of: (1) conducting a case management conference and setting a schedule, pursuant to FRCP 16, for pretrial proceedings, and (2) hearing and determining any pretrial matter not expressly precluded from being heard and determined by a magistrate judge under 28 USC section 636(b)(1)(A); any matter so precluded shall be submitted to the assigned magistrate judge for a report and recommendation, except those matters that are "case dispositive" within the meaning of this court's General Order 42(1).

United States District Court
For the Northern District of California

2

**PATENT CASES**

For any action alleging infringement of a patent, the court further orders as follows:

**3.0    Joint Claim Construction Statement.**  The initial joint claim construction statement required by Patent Local Rule 4-3 shall set forth the disputed terms, phrases and clauses.  All other terms will be presumed undisputed.  For any term in dispute, the parties must agree on the identity of the term in dispute.  With regard to disputed terms,  phrases and clauses, the joint statement shall list each disputed term, phrase or clause (listed by claim, one to a page), each party's proposed construction, and support for each party's proposed construction side by side.  A sample joint claim construction chart follows.  Parties shall attach to the joint claim construction statement copies of all patents in dispute.  Parties shall also make a complete prosecution history for each patent available to the court upon request.

| Claim language (disputed terms in **bold**) | Plaintiff's proposed construction and supporting evidence | Defendant's proposed construction and supporting evidence |
|---|---|---|
| 1.  A method for counting **ducks**, comprising the steps of:<br><br>[or]<br><br>**ducks**<br><br>found in claim numbers:<br><br>'234 patent: y, z<br><br>'567 patent: a, b | PROPOSED CONSTRUCTION: a bird that quacks.<br><br>DICTIONARY/TREATISE DEFINITIONS: Webster's Dictionary: "Duck:  a bird that quacks;" Sidley Field Guide To Birds: "bird call: a low-pitched quack."<br><br>INTRINSIC EVIDENCE: '234 patent col \_\_:\_\_ ("distinctive honking"); prosecution history at \_\_\_ ("this patent is distinguished from the prior art in that the quacking of the bird is featured").<br><br>EXTRINSIC EVIDENCE: McDuck Depo at \_\_:\_\_ ("I'd say the quacking makes it a duck."); '234 patent at col \_\_:\_\_; Daisy Decl  at \_\_\_. | PROPOSED CONSTRUCTION: a bird that swims.<br><br>DICTIONARY/TREATISE DEFINITIONS: Random House Dictionary : "an aquatic bird"; Spokes Field Guide to Birds ("ducks may be observed swimming in bodies of water").<br><br>INTRINSIC EVIDENCE: '567 patent col \_\_:\_\_ ("Ducks may be found on or near bodies of water."); Prosecution History at \_\_ ("Waterfowl are particularly amenable to being counted by this method.")<br><br>EXTRINSIC EVIDENCE: G Marx Depo at \_\_:\_\_ ("Like a duck to water."); '567 patent at col \_\_:\_\_; Daffy Decl at \_\_\_. |

**3.1    Claim construction briefs.**  Claim construction briefs shall address each disputed term, phrase or clause following the order of the joint statement.  The opening and opposition briefs shall not exceed 25 pages and the reply brief shall not exceed 15 pages.  If it becomes necessary for a party to propose a construction in its brief different from that found in the joint claim construction statement, that party must clearly set for the new construction and explain the basis for the change.  At the time of filing the reply briefs, the parties shall file an amended, final joint claim construction statement, including only the remaining disputed terms, phrases and clauses.

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

**3.2** **Claim construction hearings**. The court does not receive live testimony or conduct tutorials in connection with a claim construction hearing.

**3.3** **Chambers Copies.** Any party intending to use visual aids (e g, slides) at a hearing shall submit two (2) printed copies of such visual aids, to be received by chambers not later than one week in advance of the hearing. The court's general standing order with respect to chambers copies otherwise applies in patent cases.

## ADA CASES

For any action seeking accommodation or other relief, including attorney fees, under the Americans with Disabilities Act, 42 USC §§ 12181-89, the court further orders as follows:

**4.0** **Service.** The plaintiff shall, pursuant to FRCP 4(m), promptly serve any unserved defendant;

**4.1** **Stay of Proceedings.** Discovery, except for initial disclosures required by FRCP 26(a), and all other proceedings are until further order STAYED;

**4.2** **Plaintiff's Initial Demand.** Each plaintiff shall forthwith identify and serve upon each defendant a list of the architectural barriers sought to be removed and/or access to be provided, and if restrooms are at issue, a conceptual plan for remediation, accompanied by a statement of attorney fees incurred to date (42 USC § 12205; <u>Hensley v Eckerhart</u>, 461 US 424, 429-30, 433-37 (1983));

**4.3** **Defendant's Response.** Each defendant shall, before the initial case management conference, serve a response to the demand for the removal of barriers, (i) agreeing or disagreeing that such barriers exist, (ii) indicating whether any existing barrier has been removed and (iii) if a defendant believes that removal of an existing barrier is not readily achievable, specifying the factual basis for this belief;

**4.4** **Joint Case Management Statement.** The joint case management statement shall contain, in addition to the information called for by FRCP 26(f), the information set forth in paragraphs 4.2 and 4.3 hereinabove;

**4.5** **Consultation With Experts.** The parties are urged to consult with experts as necessary meaningfully to discuss removal of architectural barriers prior to the case management conference and/or any ADR session.

**IT IS SO ORDERED.**

_____
VAUGHN R WALKER
United States District Chief Judge

4

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

No  C            VRW

Plaintiff,

**ORDER SETTING CASE
MANAGEMENT CONFERENCE**

v

Defendant.

_____/

Pursuant to FRCP 16 and Civil LR 16-2, **IT IS ORDERED** that a Case Management Conference will be called in this case before the undersigned **Thursday**, _____ at **3:30 p.m.**  in Courtroom 6, 17th floor, at 450 Golden Gate Avenue, San Francisco, California.

**IT IS FURTHER ORDERED** :

1.  Plaintiff is directed to serve, in accordance with the provisions of FRCP 4 and 5, copies of this order at once on all parties to this action, and on any parties subsequently joined.  Following service, plaintiff shall file an appropriate certificate of service with the court.

2.  Failure to serve the summons, complaint and this order on all parties pursuant to FRCP 4 and 5 shall be presumptive evidence of lack of prosecution and subject the complaint to dismissal under FRCP 41(b).  Except in the unusual case, the court expects that by the time of conference, the answer or other responsive pleading shall have already

1  been served and filed.  In the event a party files a motion to dismiss pursuant to FRCP 12,

2  the court will vacate the date of the Case Management Conference and will re-set it after

3  ruling on the motion to dismiss.  The court discourages the parties from extending time for

4  pleading or seeking extensions of time beyond those provided in the Federal Rules.

5          3.  Before appearing at the conference, the parties or their counsel, or both,

6  shall meet and confer about the substance of the action and the most expeditious means of

7  resolving this litigation.  To prepare for the conference, the parties shall review and comply

8  in all respects with the requirements of Civil L R 16-9.

9          4.  At the initial case management conference, the parties or at least one

10  attorney of record for each party must appear in person.  See FRCP 26(f); Civ LR 16-10(a).

11  The case management conference shall be conducted informally and not reported unless

12  one or more parties is not represented by counsel.  Failure of any party or counsel therefor

13  to attend, prepare for and participate in good faith in the conference shall be grounds for

14  appropriate sanctions.  FRCP 16(f).

15          5.  No continuance of the conference will be granted except by order of the

16  court upon application of a party.  The application shall be made seven days before the date

17  of the conference and supported by a declaration showing good cause.  In no event shall any

18  party request that the conference be scheduled more than 60 days after filing of the answer

19  by any party.

20          6.  The parties are directed to comply with Civil L R 37-1(b) for presentation of

21  a disclosure or discovery dispute not resolved by the conference required by Civil L R 37-

22  1(a).

23          **IT IS SO ORDERED.**

24

25

26

27

28

1

VAUGHN R WALKER
UNITED STATES DISTRICT CHIEF JUDGE

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28