Clyde A. Thompson, SBN 72920
Benjamin A. Thompson, SBN 236590
HAAPALA, THOMPSON & ABERN, LLP
1939 Harrison Street, Suite 800
Oakland, California 94612
Tel:   510-763-2324
Fax:   510-273-8570

Attorneys For Defendants
COUNTY OF ALAMEDA, DEPUTY R. BUCKHOUT,
and DEPUTY J. WHITE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

| | |
|---|---|
| JEANETTE MAYER and CINDY COELHO,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF ALAMEDA; Alameda County Sheriff's Deputy R. BUCKHOUT; Alameda County Sheriff's Deputy J. WHITE; and DOES 1-25, inclusive,<br><br>Defendants. | Case No.:  C08-03117 VRW<br><br>**DEFENDANTS' ANSWER TO COMPLAINT FOR DAMAGES; JURY DEMAND** |

COMES NOW Defendants COUNTY OF ALAMEDA, DEPUTY R. BUCKHOUT, and DEPUTY J. WHITE, ("Defendants"), and answer Plaintiffs' Complaint, and state their affirmative defenses, as follows:

**Jurisdiction**

1. Defendants admit this Court has jurisdiction over the controversy addressed in plaintiffs' complaint, and that the subject matter of the respective controversy took place in the County of Alameda, California. Defendants deny committing constitutional violations or any other wrongful act, and generally and specifically deny all other allegations and implications contained in this paragraph.

**Parties**

2. Defendants are without sufficient knowledge to form a belief as to the truth of these allegations, and on that basis deny each and every allegation contained in this paragraph.

1

*Mayer, et al. v. County of Alameda, et al./*Case #C08-03117 VRW
Defendants' Answer To Complaint For Damages; Jury Demand

3. Defendants are without sufficient knowledge to form a belief as to the truth of these allegations, and on that basis deny each and every allegation contained in this paragraph.

4. Admitted.

5. Admitted.

6. Defendants admit that, during the relevant times, Defendant Alameda County Deputy Sheriffs Buckhout and White were acting under color of law while employed by the Alameda County Sheriff's Office. Defendants deny generally and specifically each and every other allegation contained in this paragraph.

7. Defendants are without sufficient knowledge to form a belief as to the truth of these allegations, and on that basis deny each and every allegation contained in this paragraph.

8. Defendants are without sufficient knowledge to form a belief as to the truth of these allegations, and on that basis deny each and every allegation contained in this paragraph.

**Statement of Facts**

9. Defendants admit that on July 9, 2007, Deputies Buckhout and White responded to 1626 Via Mesa in San Lorenzo, to investigate and manage a medical emergency. Defendants admit Cindy Coelho approached Deputy Buckhout outside the residence, and that due to the sensitive nature of the medical emergency, Cindy Coelho was temporarily denied access to the residence. Defendants are without sufficient knowledge to form a belief as to the truth of plaintiffs' remaining allegations, and on that basis deny each and every other allegation contained in this paragraph.

10. Defendants admit that Gary Mayer and Jeanette Mayer arrived at, or near, the scene of the medical emergency. Defendants admit that, at some point, Deputy Buckhout utilized force to gain Gary Mayer's compliance. Defendants admit Cindy Coelho and Jeanette Mayer physically intervened and interfered with law enforcement efforts to secure Gary Mayer. Defendants admit Gary Mayer was eventually handcuffed and brought to a marked patrol car. Defendants are without sufficient knowledge to form a belief as to the truth of plaintiffs' remaining allegations, and on that basis deny each and every other allegation contained in this paragraph.

Haapala, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone: 510-763-2324
Facsimile: 510-273-8570

**Claims Requirement**

11. Defendants are without sufficient knowledge to form a belief as to the truth of these allegations, and on that basis deny each and every allegation contained in this paragraph.

**Damages**

12. Defendants deny generally and specifically each and every allegation contained in this paragraph.

13. Defendants deny generally and specifically each and every allegation contained in this paragraph.

14. Defendants deny generally and specifically each and every allegation contained in this paragraph.

**First Cause of Action**
(42 U.S.C. §1983)

15. Defendants incorporate by reference paragraphs one through fourteen of this answer.

16. Defendants admit that during the relevant times, Alameda County Sheriff's Deputies Buckhout and White acted under color of law. Defendants deny generally and specifically each and every allegation contained in this paragraph, and each and every allegation contained in subparagraphs a, b and c.

17. Defendants deny generally and specifically each and every allegation contained in this paragraph.

**Second Cause of Action**
(42 U.S.C. §1983)

15. Defendants incorporate by reference all prior responses contained in this answer.

16. Defendants deny generally and specifically each and every allegation contained in this paragraph.

17. Defendants deny generally and specifically each and every allegation contained in this paragraph.

/

3

*Mayer, et al. v. County of Alameda, et al./*Case #C08-03117 VRW
Defendants' Answer To Complaint For Damages; Jury Demand

Haapala, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone: 510-763-2324
Facsimile: 510-273-8570

**Third Cause of Action**
(California Civil Code 52.1(b))

18. Defendants incorporate by reference all prior responses contained in this answer.

19. Defendants deny generally and specifically each and every allegation contained in this paragraph.

20. Defendants deny generally and specifically each and every allegation contained in this paragraph.

21. Defendants deny generally and specifically each and every allegation contained in this paragraph.

**Fourth Cause of Action**
(Assault and Battery)

22. Defendants incorporate by reference all prior responses contained in this answer.

23. Defendants deny generally and specifically each and every allegation contained in this paragraph.

24. Defendants deny generally and specifically each and every allegation contained in this paragraph.

**Fifth Cause of Action**
(Intentional Infliction of Emotional Distress)

25. Defendants incorporate by reference all prior responses contained in this answer.

26. Defendants deny generally and specifically each and every allegation contained in this paragraph.

27. Defendants deny generally and specifically each and every allegation contained in this paragraph.

**Sixth Cause of Action**
(Negligence)

28. Defendants incorporate by reference all prior responses contained in this answer.

29. Defendants deny generally and specifically breaching any duty owed to plaintiffs, and deny generally and specifically each and every other allegation contained in this paragraph.

4

*Mayer, et al. v. County of Alameda, et al./*Case #C08-03117 VRW
Defendants' Answer To Complaint For Damages; Jury Demand

## Jury Demand

30. Defendants acknowledge Plaintiffs' request for a trial by jury, and Defendants also request a trial by jury.

## Prayer

Defendants deny generally and specifically each and every item or claim of damage, cost, expense or attorneys' fees of this Complaint, and further deny that Plaintiffs were damaged in any manner, sum or sums at all.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Defendants allege that neither Plaintiffs' Complaint nor any of the alleged claims for relief, or causes of action, state facts sufficient to constitute a claim for relief against Defendants.

### SECOND DEFENSE

Defendants allege that their conduct was privileged, justified and/or excusable.

### THIRD DEFENSE

Defendants allege that all actions undertaken by the Defendants regarding and relating to Plaintiffs were in good faith and with reasonable belief that said actions were valid, necessary and constitutionally proper, and therefore entitle Defendants to qualified immunity.

### FOURTH AFFIRMATIVE DEFENSE

Defendants allege that they are entitled to statutory and/or common law immunity, including qualified immunity, and as such are not liable for damages as alleged in Plaintiffs' Complaint.

### FIFTH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiffs' claims for relief are barred by the applicable statute of limitations.

### SIXTH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiffs have a duty to use reasonable efforts to mitigate their alleged damages, and Plaintiffs have failed to use reasonable efforts to mitigate those alleged

Haapala, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone: 510-763-2324
Facsimile: 510-273-8570

damages.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants allege that should Plaintiffs recover damages against them, they are entitled to have the amount abated, reduced or eliminated to the extent Plaintiffs' negligence and/or fault caused or contributed to the damages, if any.

### EIGHTH AFFIRMATIVE DEFENSE

Defendants allege that if negligence is found, as alleged in Plaintiffs' Complaint, or in connection with the subject matter thereof, such negligence was that of persons, firms, corporations or entities other than these answering Defendants, and such negligence comparatively reduces or eliminates the percentage of liability, if any, attributed to these Defendants.

### NINTH AFFIRMATIVE DEFENSE

Defendants allege that the claims set out in Plaintiffs' Complaint, and each cause of action therein, are barred due to Plaintiffs' failure to comply with applicable claims presentation requirements set forth in the California Government Tort Claims Act.

### TENTH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiffs' Complaint does not state facts sufficient to constitute a cause of action and that it is barred by Plaintiffs' failure to comply with applicable notice and claim provisions of California Government Code Sections 910 (contents of claim), 910.2 (signature), 910.4 (forms), 911.2 (time of presentation of claims; limitation), and 945.6 (limitation practices on claims, required filing deadlines).

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint and each and every cause of action contained therein is limited and/or barred by the terms of California Government Code Sections 815 (liability for injuries generally; immunity of public entity), 815.2(b) (injuries by employee within scope of employment; immunity of employee), 820(b) (liability for injuries generally; defenses), 820.4 (execution or enforcement of laws; exception), 820.6 (acting under unconstitutional, invalid or inapplicable enactments), and 820.8 (acts or omissions of others).

*Mayer, et al. v. County of Alameda, et al./*Case #C08-03117 VRW
Defendants' Answer To Complaint For Damages; Jury Demand

**TWELFTH AFFIRMATIVE DEFENSE**

Defendants' actions and conduct were based on reasonable suspicion and/or probable cause under the U.S. Constitution, California Constitution and California Penal Code, therefore Plaintiffs' claims are barred.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint and each and every cause of action contained therein is limited and/or barred by the terms of California Penal Code Sections 834 (arrest defined; persons authorized to arrest), 834a (resistance to arrest), 835 (method of making arrest; amount of restraint), 835a. (Use of force to effect arrest, prevent escape, or overcome resistance), 836 (Arrest with and without warrant), and 836.5 (Public officers and employees; arrest without warrant; no civil liability).

**FOURTEENTH AFFIRMATIVE DEFENSE**

Defendants allege that any and all acts or omissions of Defendants, their agents or employees, which allegedly caused the injuries or damages alleged in Plaintiffs' Complaint, were the result of an exercise of discretion vested in them. Therefore, Defendants are not liable for the injuries or damages complained of pursuant to California Government Code Section 820.2 (Discretionary acts).

**FIFTEENTH AFFIRMATIVE DEFENSE**

Defendants allege that if and to the extent the allegations of the Complaint attempt to enlarge upon the facts and/or contentions set forth in the Claim, if any, filed by Plaintiffs, said Complaint fails to state a cause of action and violates the provisions of Government Code Chapter One, commencing with Section 900, and Chapter Two, commencing with Section 910, and these answering Defendants hereby reserve the right to move to strike said allegations and object to any evidence offered to prove said allegations.

**SIXTEENTH AFFIRMATIVE DEFENSE**

If Defendants are found to be negligent, which is expressly herein denied, the liability of these answering Defendants is limited by reason of California Civil Code Section 1431.2 (Several liability for non-economic damages).

Haapala, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone: 510-763-2324
Facsimile: 510-273-8570

WHEREFORE, these Defendants pray that:

1. Plaintiffs take nothing by reason of their Complaint herein; and

2. Said Defendants be hence dismissed with their costs of suit, including attorneys' fees, incurred herein.

Dated:  August 4, 2008

                                      HAAPALA, THOMPSON & ABERN, LLP


By:  /s/ Benjamin A. Thompson
      Benjamin A. Thompson
      Attorneys For Defendants
      COUNTY OF ALAMEDA, R. BUCKHOUT,
      and J. WHITE

Haapala, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone: 510-763-2324
Facsimile: 510-273-8570

8

*Mayer, et al. v. County of Alameda, et al./*Case #C08-03117 VRW
Defendants' Answer To Complaint For Damages; Jury Demand